**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DOMINIC GAINES,**

      **Petitioner,**

**vs.**                                     **Case No. 4:11cv222-MP/CAS**

**SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, STATE OF FLORIDA,**

      **Respondent.**

_____/

## <u>REPORT AND RECOMMENDATION TO DENY § 2254 PETITION</u>

On May 12, 2011, Petitioner Dominic Gaines, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On March 16, 2012, Respondent has filed an answer arguing the § 2254 petition should be dismissed as untimely and, if considered on the merits, the petition should be denied.  Doc. 10. Petitioner has not filed a reply, although he was given the opportunity to do so.  *See* Docs. 3 and 9.  Petitioner has filed, on December 20, 2013, a "Petition for Writ of Mandamus" in this Court.  Doc. 17.

The matter was referred to the undersigned United States Magistrate Judge for issuance of all preliminary orders and any recommendations to the district court

regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of

Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined

no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R.

Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the

petition is timely and should be denied.  Accordingly, to the extent's Petitioner's recently

filed "Petition for Writ of Mandamus" seeks to compel a ruling by this Court on his

§ 2254 motion, such should be denied as moot.

## Background and Procedural History

By second amended information filed August 22, 2005, in the Second Judicial

Circuit, Leon County, the State of Florida charged Petitioner with two counts in

connection with events that took place on March 1, 2004: (1) attempted armed robbery

with a firearm, a second degree felony in violation of sections 777.04 and 812.13(2)(a),

Florida Statutes, and (2) attempted armed carjacking with a firearm, a second degree

felony in violation of sections 775.087 and 812.133(2)(a), Florida Statutes.  Doc. 10 Ex.

B at 3-4; *see id.* at 1 (initial information filed March 18, 2004), 2 (first amended

information filed May 12, 2005).  On August 24, 2005, after a jury had been selected to

try his case, Petitioner entered a negotiated plea of no contest to each offense, in

exchange for a minimum mandatory sentence of ten (10) years in prison on the first

count, followed by a ten-year prison sentence on the second count with no minimum

mandatory.  *Id.* at 173-74.  Petitioner reserved his right to appeal the trial court's earlier

denial of his motions to suppress.  *Id.* at 174.  The trial court accepted the plea,

adjudicated Petitioner guilty, and sentenced him in accordance with the plea agreement. *Id.* at 188.

Petitioner did not timely appeal his conviction and sentence; however, he was subsequently allowed a belated appeal by the First District Court of Appeal (DCA). *See* Gaines v. State, 977 So. 2d 699 (Fla. 1st DCA 2008). Through counsel, Petitioner filed a notice of voluntary dismissal of the belated appeal and, by order dated October 31, 2008, the First DCA dismissed the case. Doc. 10 Exs. E and F.

Meanwhile, on August 8, 2007, Petitioner had filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See* Doc. 10 Ex. G at 18. The state post-conviction trial court denied that motion without prejudice to refile it after the conclusion of the belated appeal. *Id.* Ex. B at 227. After dismissal of the belated appeal, on November 24, 2008, Petitioner's counsel filed, in the state post-conviction trial court, a motion for leave to adopt the previously filed Rule 3.850 motion and, on December 9, 2008, counsel also filed a new Rule 3.850 motion. *Id.* Ex G at 1-2, 3-17. The state post-conviction trial court entered a written order summarily denying relief on December 9, 2009. *Id.* at 18-22. In that order, the state court explained this procedural history and denied as moot the motion filed November 24, 2008, seeking to adopt the previously filed Rule 3.850 motion, given that the new Rule 3.850 motion was filed within the time frame set by the court's order denying the previous Rule 3.850 motion. *Id.* at 18.

Petitioner appealed the denial of his Rule 3.850 motion, assigned case number 1D09-6623. *See* Doc. 10 Ex. H. Petitioner did not file any briefs. *See id.* On April 1,

2010, the First DCA per curiam affirmed the appeal without a written opinion.  Doc. 10 Ex. I; *see* Gaines v. State, 34 So. 3d 5 (Fla. 1st DCA 2010).  Petitioner filed a motion for rehearing, which the court denied on May 5, 2010.  Doc. 10 Exs. J, K.  The mandate issued on May 21, 2010.  Doc. 10 Ex. L.

As indicated above, Petitioner signed his pro se § 2254 petition on May 12, 2011, and it was filed in this Court on May 19, 2011.  Doc. 1.  Petitioner alleges two grounds, both asserting ineffective assistance of counsel (IAC): (1) IAC – counsel failed to ask the trial court to resolve conflicts and lack of competent counsel, where counsel failed to request a hearing pursuant to Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973); and (2) IAC – counsel failed to have Petitioner re-examined for mental competence to stand trial, where counsel knew Petitioner had mental health problems and Petitioner believed he was schizophrenic.  Doc. 1 at 4.

On March 16, 2012, Respondent filed a response asserting the petition should be dismissed as untimely.  Doc. 10 at 1 n.1, 3-6.  Respondent also addresses the merits of Petitioner's grounds and argues they do not warrant relief.  *Id.* at 16-23.

## Analysis

### Timeliness

There is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[1]  The

limitations period is tolled for the time during which a "properly filed" application for relief

is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled, but "only if

a petitioner establishes *both* extraordinary circumstances and due diligence."  Diaz v.

Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, Petitioner's conviction initially became final on or about September

24, 2005, when the time for filing a direct appeal expired following entry of his written

judgment and sentence on August 25, 2005.  *See* 28 U.S.C. § 2244(d)(1)(A); Fla. R.

App. P. 9.140(b)(3) (allowing 30 days to appeal from rendition of written order imposing

sentence); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if

defendant does not appeal conviction or sentence, judgment of conviction and sentence

becomes final when 30-day period for filing direct appeal expires).  Because the First

DCA granted him a belated appeal, however, Petitioner's AEDPA clock restarted upon

disposition of the belated appeal.  Jimenez v. Quarterman, 555 U.S. 113, 121 (2009)

(holding that "where a state court grants a criminal defendant the right to file an out-of-

time direct appeal during state collateral review, but before the defendant has first

sought federal habeas relief, his judgment is not yet 'final' for purposes of

§ 2244(d)(1)(A)").

_____

[1]Later dates which may commence the limitations period are the date on which
(1) an unconstitutional impediment which prevented the applicant from filing is removed;
(2) the constitutional right asserted was recognized by the United States Supreme Court
and made retroactive on collateral review; and (3) the factual predicate for the claim
could have been discovered by due diligence.  28 U.S.C. § 2244(d)(1)(B)-(D).

By order dated October 31, 2008, the First DCA dismissed the belated appeal pursuant to Florida Rule of Appellate Procedure 9.350(b), given Petitioner's notice, filed through counsel, of voluntary dismissal filed October 29, 2008.  Doc. 10 Exs. E (Notice) and F (Order).  Although "[t]he Eleventh Circuit has not addressed the issue of the date a conviction becomes final when a direct appeal is voluntarily dismissed, . . . [t]his district court has followed the Fourth, Fifth, and Sixth Circuits in concluding that a state conviction becomes final, for AEDPA purposes, ninety (90) days after the state appellate court grants a motion for voluntary dismissal of the appeal."  Chapman v. McNeil, No. 3:08cv5–LAC/EMT, 2008 WL 2225659, at *3 (N.D. Fla. May 28, 2008).  Accordingly, Petitioner's conviction became final on January 29, 2009, ninety days after the state appellate court order dismissing his belated appeal.

By that point, however, Petitioner's counsel had already resumed the Rule 3.850 proceedings in the state post-conviction trial court.  *See* Doc. 10 Ex. G.  Thus, no AEDPA time started until the mandate issued on May 21, 2010, in Petitioner's appeal following the denial of his Rule 3.850 motion.  *See id.* Ex. L.  Petitioner filed his pro se § 2254 petition with this Court within one year thereafter.  Doc. 1.  Although Petitioner indicates he signed his § 2254 petition on May 12, 2011, Petitioner did not sign and date the portion of the petition indicating that he delivered it to prison officials for mailing or deposited in the prison's internal mail system.  *Id.* at 6.  Nonetheless, in this case, that discrepancy does not make a difference because this Court received and docketed the petition on May 17, 2011, still within the one-year limitations period.  *See* Doc. 1.  Therefore, Respondent's argument that the petition is untimely should be rejected.

**Merits**

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for

persons in state custody.  Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker,

633 F.3d 1272 (11th Cir. 2011).

As referenced above, Gaines raises two IAC grounds in his § 2254 petition.  In

Strickland v. Washington, the U.S. Supreme Court adopted a two-part test for such

claims:

> First, the defendant must show that counsel's performance was deficient.
> This requires showing that counsel made errors so serious that counsel
> was not functioning as the "counsel" guaranteed the defendant by the
> Sixth Amendment.  Second, the defendant must show that the deficient
> performance prejudiced the defense.  This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

466 U.S. 668, 687 (1984).  To demonstrate ineffectiveness, a "defendant must show

that counsel's performance fell below an objective standard of reasonableness."  *Id.* at

688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

The Strickland test applies to ineffective assistance of counsel claims arising out of the plea process.  Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).  When a defendant has entered a plea while represented by counsel, as here, "the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Id.* at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).  "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.'"  *Id.* at 56-57 (quoting Tollett v. Henderson, 411 U.S. 258 (1973)).  That a plea is one of nolo contendere, as here, rather than guilty, does not warrant a different analysis for purposes of habeas corpus.  *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also* Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (explaining that "[u]nder Florida law, a plea of nolo contendere is equivalent to a plea of guilty").

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011).  The federal court may not grant relief unless the state court's adjudication of the claim:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).  "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

For this Court's purposes, importantly, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold.'" Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schiro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." Id.  It is a "doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard." Id.

Ground 1: IAC – Failure to Request Nelson Hearing

In his first ground, Gaines alleges his trial counsel failed to ask the trial court "to resolve any conflicts and lack of competent counsel." Doc. 1 at 4.  Gaines alleges that counsel "failed to request a hearing based upon Nelson v. State, 274 So. 2d 256 (Fla.

4th DCA 1973) based upon conflicts between counsel and Petitioner and that counsel was not providing competent representation of Petitioner." *Id.*

Gaines raised this claim as the second ground in his Rule 3.850 motion. *See* Doc. 10 Ex. G at 11-13. The state post-conviction trial court denied the claim, finding "[t]his claim is refuted by the record, which shows that a <u>Nelson</u> hearing was held on Aug. 22, 2005, at which the Court made a finding of no ineffective representation. *Exh. 5 - JIS Docket Report.*" *Id.* at 20. Gaines appealed the order denying this claim and the First DCA affirmed the case without an opinion. *See* Doc. 10 Ex. I.

Gaines has not shown the state courts' rulings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(1)-(2). The record supports the state post-conviction trial court's determination that a <u>Nelson</u> hearing was held in August 2005 and no ineffective representation was found. *See* Doc. 10 Ex. A (trial court docket entry dated August 23, 2005, showing <u>Nelson</u> hearing held and no ineffective representation found). Accordingly, as the state post-conviction trial court concluded, the record refutes Gaines' claim of deficient performance for the failure to request such a hearing.

Moreover, in his signed plea agreement submitted to the state trial court on August 24, 2005, Gaines specifically indicated he was "satisfied with [his] lawyer's advice." Doc. 10 Ex. B at 160. On this record, it was not unreasonable for the state post-conviction trial court to conclude that defense counsel's performance was not

deficient. The state court's adjudication of the claim thus did not involve an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Under the double deferential review this Court applies to a <u>Strickland</u> claim evaluated pursuant to the § 2254(d)(1) standard, Gaines' claim in this ground fails. *See* <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). Gaines is not entitled to federal habeas relief, and this ground should be denied.

<u>Ground 2</u>: IAC – Failure to Have Petitioner Re-examined for
Mental Competence to Stand Trial

In his second ground, Gaines alleges his trial counsel failed to have him "re-examined for mental competence to stand trial." Doc. 1 at 4. Gaines alleges that "[c]ounsel knew that Petitioner had mental health problems" and "Petitioner believed he was a Schizophrenic." *Id.* Gaines further alleges that, during the plea colloquy, "the Court asked Petitioner if he had been diagnosed or treated for mental health problems" and Petitioner answered "no," but asserts "he did not understand the question," and "[c]ounsel should have advised the Court about Petitioner's mental health problems and had him examined." *Id.*

Gaines raised this claim as the third ground in his Rule 3.850 motion.  *See* Doc.

10 Ex. G at 13-14.  The state post-conviction trial court denied the claim, making the

following findings:

> Defendant alleges counsel was ineffective for failure to have Defendant re-examined for mental competency to stand trial.  Although Defendant states he was found to be competent at the time of his plea, he now claims he is not sure he was competent at that time and is not certain whether he had full awareness of what he was doing.  He also asserts counsel knew of his mental health problems, and that counsel was aware Defendant was under a great deal of stress and "was not sure of what he was doing at the time" of the plea.  Although Defendant concedes that during the proceedings in this case he was examined and found to be competent, the Court would note that nothing in the court file indicates Defendant underwent a competency examination.

> When Defendant entered his plea on the first morning of trial, after a jury had been picked, he gave absolutely no indication he was unaware of what he was doing, or even that he was at all unsure of what he was doing.  He answered all questions in a coherent and straightforward manner, and participated in a lengthy and complicated discussion regarding the implications of taking a plea or going to trial, his 10-20-Life exposure, and possible youthful offender status.  *Exh. 1, pp. 4-18*.  During the entire plea colloquy, Defendant repeatedly indicated that he understood what was going on and what he was agreeing to.  *Id.*  When the Court asked him if he felt physically well, and stated she needed to determine whether he was well enough to enter the plea to avoid Defendant coming back later and attempting to set aside the plea by complaining "I didn't know what I was doing," Defendant responded, "I'm competent."  *Id. at 11*.

> The Court also finds no ineffective assistance of counsel, especially in light of the fact that Defendant appeared completely competent at the plea hearing.  Nixon v. State, 932 So. 2d 1009, 1020 (Fla. 2006) ("When there is no reason to expect that a defendant is incompetent, it cannot be deficient performance if counsel does not request a competency examination").  Ground 3 is denied.

*Id.* at 21-22.

The record before this Court supports the state post-conviction trial court's determination that there was no reason to expect Gaines was not competent. As the state post-conviction trial court found, and as Respondent notes, nothing in the record reflects that Gaines underwent a competency examination. *See* Doc. 10 at 19 n.2 and Ex. A. During the plea colloquy, Gaines indicated he felt well and was competent. Doc. 10 Ex. B at 180-81. Gaines answered the following questions from the judge:

THE COURT: Mr. Gaines, did you yourself read the front and back of the plea form?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you understand each and every paragraph?

THE DEFENDANT: Yes, ma'am.

THE COURT: Did you sign the form of your own free will?

THE DEFENDANT: Yes, ma'am.

THE COURT: And what grade did you get through in school?

THE DEFENDANT: All of them, 12th.

THE COURT: And did you find the form easy, difficult, or kind of average to understand?

THE DEFENDANT: Easy.

THE COURT: Okay. Have you taken – have you ever been treated for or diagnosed with mental problems?

THE DEFENDANT: No ma'am.

THE COURT: Have you taken any drugs, alcohol, pills, medicine or anything else that affects your ability to understand these matters today?

THE DEFENDANT: No ma'am.

*Id.* at 177. Similarly, the signed plea form includes the following:

> (1) I understand that the judge will place me under oath to question me about this plea. I must answer the judge's questions truthfully, and if I make a false statement while under oath I could be prosecuted for perjury.
>
> . . . .
>
> (4) I understand that if the Judge accepts this plea, I give up the right to formal discovery and depositions . . . and that my attorney will conduct no further investigation of the facts of my case. I give up the right to require the State to prove the charge against me beyond a reasonable doubt, the right to have a jury decide whether I am guilty or not guilty, the right to see and hear the witnesses against me and to have my lawyer question those witnesses, the right to subpoena and present witnesses or other evidence of any defense I may have, and to testify or remain silent as I choose.
>
> . . . .
>
> (10) I have read this entire form carefully, and I understand all of the rights and duties explained in it. I state to the Court that I am not under the influence of drugs or alcohol, that no one forced or threatened me to enter this plea, and that I am entering this plea freely and voluntarily. I acknowledge that I am entering this plea because I believe it is in my best interest.

*Id.* at 160-61.

Based on the foregoing, as the post-conviction trial court reasonably found, defense counsel could not be deficient for not seeking a competency evaluation. *See* Nixon, 932 So. 2d at 1020 (explaining trial counsel had no reason to request competency determination: "In fact, trial counsel indicated that had he been aware of any basis, he would have filed a motion for a competency evaluation. In Ake v. Oklahoma, 470 U.S. 68, 82 . . . (1985), the United States Supreme Court said, 'A defendant's mental condition is not necessarily at issue in every criminal proceeding . . . .' When there is no reason to suspect that a defendant is incompetent, it cannot be

deficient performance if counsel does not request a competency examination."). Gaines

has not shown the state courts' rulings resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established federal law, or that it was

based on an unreasonable determination of the facts in light of the evidence presented.

*See* 28 U.S.C. § 2254(d)(1)-(2). Under the double deferential review this Court applies

to a <u>Strickland</u> claim evaluated pursuant to the § 2254(d)(1) standard, Gaines' claim in

this ground fails and should be denied. *See* <u>Blackledge</u>, 431 U.S. at 73-74.

## Conclusion

For the reasons stated above, this § 2254 petition (Doc. 1) is timely and should

be denied on the merits. In addition, to the extent's Petitioner's recently filed "Petition

for Writ of Mandamus" (Doc. 17) seeks to compel a ruling by this Court on his § 2254

motion, such should be denied as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts

provides that "[t]he district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant," and if a certificate is issued "the court

must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if

the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional

right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted). Therefore, the Court should

deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis

should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App.

P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify

appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final

order, the court may direct the parties to submit arguments on whether a certificate

should issue."  Petitioner shall make any argument as to whether a certificate should

issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of

habeas corpus (Doc. 1) be **DENIED**, a certificate of appealability be **DENIED**, and leave

to appeal in forma pauperis be **DENIED**.  In addition, to the extent's Petitioner's recently

filed "Petition for Writ of Mandamus" (Doc. 17) seeks to compel a ruling by this Court on

his § 2254 motion, such should be **DENIED** as moot.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2014.


s/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and
recommendations within fourteen (14) days after being served with a copy of this
report and recommendation.  A party may respond to another party's objections**

**within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**